JONES, Justice.
During the month of August, 1968, the Superintendent of Education of Bolivar County published a notice to bidders for “working” agricultural Sixteenth Section lands situated in Bolivar County. The bids were to be received until ten o’clock a.m. on September 3, 1968.
At that time there were twenty bids received for leases on all or portions of six of such sections.
Appellant bid for Section 16, Township 21, Range 9, West, the sum of $4,000 annual rental for a period of five years. This bid was dated August 13, 1968. Charles J. Wilson bid for the same section and for the same term the sum of $6,000 annual rental. This bid was dated September 1, 1968.
Appellant bid on Section 16, Township 20, Range 8, annual rental of $6,000 for a period of five years; his bid being dated August 13. Charles J. Wilson bid for the same section and for the same period of time the sum of $8,250 annual rental. The other bids appearing in the record involved lands not in this litigation. However, there were a dozen or more people who bid on the third of September for all or a part of six different sections. It is noticed that Charles J. Wilson was the high bidder on both the sections here involved.
At the regular September meeting, the board deferred its decision until October 14, 1968. At that meeting, the appellant offered for one section $8,500 annual rental and for the other $6,250 annual rental, each of the said bids being $250 over the bid of Wilson.
Presumably, these bids were in open session of the board at the recessed meeting. The notice to bidders had asked for sealed bids.
The board, after consideration, entered an order on October 16 approving the leasing of the two sections to Wilson.
From this decision, appellant, by bill of exception, appealed to the circuit court which affirmed the decision of the Board of Supervisors.
The case comes here from the circuit court, and we affirm.
Appellant asserts that Section 6597-12, Mississippi Code of 1942 Annotated (Supp.1968) authorizing the leasing of Sixteenth Section lands lying wholly within a levee district and not in a city, town or village is unconstitutional. Appellant had held previous leases on the two sections involved, and at the time of the receipt of bids held unexpired leases thereon. Section 6597-12 gave no preference to the holders of existing leases, while Section *895 6597-03 would have given a preference to appellant if applicable to these leases. Appellant, therefore, insists that Section 6597-12 is unconstitutional. Of course, if this were true, Section 6597-03, which would have given a preference in this particular case, would apply. Appellant insists that the said Section 6597-12 is a local, private or special law violative of Section 90 of the Constitution of 1890 and that to undertake to classify the delta lands from other lands of the State is an unreasonable classification.
Appellant cites cases where classifications are held unreasonable, and while it is admitted the Legislature has a right to make reasonable classification, it is asserted that this classification of counties located wholly within a levee district is unreasonable.
The Laws of 1884 (page 140) include the act providing for the creation of one of the levee districts. The area is described by Section 2 of the Act as being all that part of certain counties “ * * * lying west of the high water mark of the Mississippi river of the flood of 1882, at or near the foot of the hills, making said high water mark the eastern boundary of said levee district, * *
The purpose of the creation of the district as stated by the Act was to protect the property in the district from loss and destruction, and the residents of the district from sickness and suffering consequent upon each overflow of the Mississippi river, by erecting efficient levees. It further provides that the courts should construe this Act as an exercise of all the powers of the Legislature necessary for the protection, not only of the property of the district, but, also the lives and health of the citizens of the State residing in such district.
Section 228 of the Constitution of 1890 recognizes the division made by the Legislature of the alluvium land of the State into two levee districts; provides that they shall remain until changed by law; and that the Legislature may hereafter add to either of said districts any alluvium land in the State. Section 228 is a part of Article 11 of the Constitution, Section 227 of which provides that a levee system shall be maintained in this State as provided in the Act. The balance of this article establishes levee commissioners; provides for their selection; their duties; and other matters relative to such districts.
Alluvium lands, of course, are those built by deposits from streams and floods, being the sediment from such water, on a valley floor.
Appellant cites and relies on Toombs, County Prosecuting Attorney v. Sharkey et al., Board of Supervisors, 140 Miss. 676, 106 So. 273 (1925). This case involved an increase in pay for prosecuting attorneys of counties in the levee districts. The classification was made without regard to any matter involving the lands. This Court held that the classification must be germane to the subject matter of the legislation.
The Act in Giles v. City of Biloxi, 237 Miss. 65, 112 So.2d 815, 113 So.2d 544 (1959) was admittedly a local and private law.
In this case, the Act deals with the land itself, and the classification is germane to the subject matter. The levee district is distinguished by its alluvium soil, and the section deals with the leasing of that particular soil. The case more nearly in point is that of Culley v. Pearl River Industrial Commission, 234 Miss. 788, 108 So.2d 390 (1959), where the classification of lands were discussed and the Pearl River district was held a valid classification.
We are convinced that the facts here, the protection of property and lives, the different type of soil, and matters incident thereto, makes the separate classification of the levee districts a reasonable classification, and that the subject matter of the Act involved (leasing of levee district *896 lands) is certainly germane to the legislation.
We, therefore, hold that Section 6597-12 is constitutional and governs the leasing of those lands.
It is next asserted that the Board of Supervisors was totally without jurisdiction.
This claim is based on the law which, acknowledging the Board as a court of special and limited jurisdiction, requires all jurisdictional facts to appear upon its minutes, including proof of publication of required notices. This is certainly true as to notices which the Board is required to publish.
Section 6597-12 does not provide for any action by the Board except approval of proposed leases. It says, “ * * * it shall be the duty of the superintendent of education of each county, with the approval of the board of supervisors, to lease said sixteenth section or lieu lands, subject to lease * * * after , having advertised same for rent * * (Emphasis added.)
To advertise and secure bids was the duty of the Superintendent—not the Board. The record shows he did this and submitted the bids and proposed leases to the Board for approval.
The order of the Board approving bids and proposed leases contains the jurisdictional facts necessary for that purpose.
Appellant complains that Section 6597-12 refers to a lease as a “public contract” and, therefore, it was necessary for the offers to be at public auction rather than sealed bids. Many public contracts are let by sealed bids. In this case, since the leases to be let had to be approved by the Board of Supervisors, the only practical way was to ask for sealed, written bids in order that the same might be submitted to the Board.
Other questions as to the wording of the notice are raised, but we deem it unnecessary to discuss them all. No one was misled. As heretofore stated, about twenty bids in proper form were submitted by a dozen or more individuals.
This suit by appellant was for his own individual benefit. He, himself, understood the notice, and in response thereto filed bids in proper form on both sections. His bid was not the high bid, and Section 6597-12 gave him no preference.
Appellant waited over a month before endeavoring to make another bid— after he had learned what the others had offered at the time fixed by the notice.
The action of the Board was not arbitrary, capricious or unlawful under the circumstances.
Bolivar County was divided into two judicial districts. The notice by the superintendent was published in a paper other than the district in which this land was situated. Appellant assigns this as error and asserts that under the law the notice was required to be published in the district where the lands were.
Section 6597-12 provides that the notice shall be published “in a newspaper published in said county.” This was done. The Legislature cannot be deemed to have acted without reason. There are many counties in which two newspapers are published ; one a newspaper of large and wide circulation, while the other is a paper with a small subscription list and little circulation. The matter was left to the discretion of the superintendent as to the publication of the notice in any paper published in the county, and it could have possibly been that the Legislature vested this discretion in the superintendent in order that he might publish in the paper which would give the wider and more publicity. We cannot say that this was error in the face of the statute so providing. The case is affirmed.
Affirmed.
ETHRIDGE, C. J., and PATTERSON, SMITH, and ROBERTSON, JJ., concur.